46556. ATLANTA HUNTER-JUMPER CLASSIC, INC.
v. BLACKMON,

EBERHARDT, Judge. Section 3 (c) 1 (c) of the Sales and Use Tax Act (*Code Ann.* § 92-3403a C (1) (c)) defines "retail sale," on which the sales tax is levied, to include "Sales of tickets, fees or charges made for admission to *or voluntary contributions made to* places of amusement, sports, or entertainment . . ." (Emphasis supplied). There is no authority in the Act to exempt from the tax so levied portions of amounts required to be paid for reserving admissions to a sporting event simply because a portion of the amount is designated by the sponsor in its advertisements as "tax deductible." Rev. Rul. 56-120, 1956-1 Cum. Bull. 514, drawing a distinction between amounts properly allocable to charges for admission and those properly allocable to contributions, is not persuasive to the contrary for several reasons, one of which being that former I. R. C. § 4231, which was under construction in that ruling, levied a tax only upon "the amount paid for admission," whereas section 3 (C) 1 (c) of the Georgia Sales and Use Tax Act levies the tax upon contributions as well.

Nor does the fact that the Commissioner of Internal Revenue has granted to appellant a tax-exempt status as a charitable organization require a different result here. Appellant urges that the holding of the horse show for which the admissions were paid or the contributions made did not render appellant a "place of amusement, sports or entertainment" so as to render the tax applicable under the Sales and Use Tax Act. We do not agree. Surely a horse show is an event of sports or of entertainment, and the fact that it was held by or sponsored by a charitable organization does not relieve it from the payment of the tax. It may well be that the contribution portion of the admission is deductible under some other provision of tax laws, but we find nothing in the Sales and Use Tax Act authorizing it.

*Judgment affirmed. Bell, C. J., and Hall, P. J., concur. Whitman, J., not participating.*

ARGUED SEPTEMBER 20, 1971—DECIDED NOVEMBER 5, 1971— REHEARING DENIED NOVEMBER 18, 1971—

*Alston, Miller & Gaines, Francis Shackelford, B. Harvey Hill, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Timothy J. Sweeney, Assistant Attorneys General,* for appellee.